IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Austin Justice | ) | C/A No. 7:24-cv-04233-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Travelers Personal Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Motion to Remand and Defendant's Partial Motion to Dismiss. ECF Nos. 13, 7. For the reasons set forth below, the Court grants Plaintiff's Motion to Remand and denies as moot Defendant's Partial Motion to Dismiss.

## I. BACKGROUND

On June 30, 2024, Plaintiff filed suit in the Spartanburg County Court of Common Pleas.[1] ECF No. 1-1 at 2. Plaintiff seeks redress for Defendant's alleged failure to provide coverage under an insurance policy Defendant issued to Plaintiff, policy no. 6140977406331 (the "Policy"), for damages to his property sustained on September 7, 2023. *Id.* at 3–8. Defendant was served on July 2, 2024. ECF No. 1 at 1. On July 31, 2024, Defendant filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

---

[1] *Justice v. Travelers Personal Insurance Co.*, Case No. 2024-CP-42-2270, pending in the Court of Common Pleas, Spartanburg County, South Carolina.

*Id.* On August 5, 2024, Defendant filed a Partial Motion to Dismiss. ECF No. 7. Plaintiff filed a Response to Defendant's motion, and Defendant filed a Reply. ECF Nos. 10, 11.

On September 11, 2024, Plaintiff filed the present Motion asking the Court to remand the action based on lack of subject matter jurisdiction. ECF No. 13. Defendant filed a Response in opposition to Plaintiff's motion, and Plaintiff filed a Reply. ECF Nos. 14, 15. The Motions are now properly before the Court.

## II.  APPLICABLE LAW

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises under federal law or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states. *See* 28 U.S.C. § § 1331, 1332.

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Id.* at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108

(1941)). Thus, remand is necessary if federal jurisdiction is doubtful. *Id.* (citing *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

### III. DISCUSSION

Defendant removed the case to this Court based on diversity jurisdiction. ECF No. 1 at 1. The Parties do not dispute they are diverse; instead, they dispute whether the amount in controversy exceeds $75,000. *See* ECF Nos. 13 at 1; 14 at 1.

Courts generally determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010); *Brown v. VSC Fire & Sec., Inc.*, C.A. No. 4:15-05031-BHH, 2016 WL 1600126, at *2 (D.S.C. Apr. 20, 2016). "The Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount-in-controversy." *Carter v. Bridgestone Ams., Inc.*, C/A No. 2:13-CV-00287-PMD, 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013) (citing *Rota v. Consolidation Coal Co.*, 175 F.3d 1016 (4th Cir. Apr. 5, 1999) (unpublished table opinion)). Regardless, "courts within the District of South Carolina have leaned towards requiring defendants in this position to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount-in-controversy has been satisfied." *Id.* (quoting *Brooks v. GAF Materials Corp.*, 532 F. Supp. 2d 779, 781–82 (D.S.C. 2008)).

Furthermore, generally, "'[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *JTH Tax*, 624 F.3d at 638 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Nevertheless, courts in this district have consistently

3

found that a post-removal stipulation that damages do not exceed the jurisdictional minimum can be considered a clarification of an ambiguous complaint, rather than a post removal amendment of the plaintiff's complaint.  *Carter*, 2013 WL 3946233, at *1–2; *see also Clifton v. Allen*, No. 9:17-cv-02920-DCN, 2018 WL 3095026, at *2 (D.S.C. June 22, 2018) (remanding case when the plaintiff alleged an unspecified amount of damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount); *Brown v. VSC Fire & Sec., Inc.*, C/A No. 4:15-cv-0531-BHH, 2016 WL 1600126, at *3 (D.S.C. Apr. 20, 2016) (same); *Stanley v. Auto-Owners Ins. Co.*, 423 F. Supp. 3d 225, 229 (D.S.C. 2019) (finding that post-removal stipulation was proper and remanding to state court).

Here, the Complaint does not state a sum for the damages that Plaintiff is seeking. *See* ECF No. 1-1.  Additionally, Plaintiff filed a stipulation stating that his damages sought do not exceed $75,000.  ECF No. 13-1.  Defendant argues that Plaintiff may not rely on a post-removal stipulation to argue that the amount in controversy is less than $75,000 because, based on a preponderance of the evidence, Defendant has proven Plaintiff, in his original Complaint, seeks greater than the jurisdictional minimum.  ECF No. 14 at 3.  The Court disagrees.

Defendant relies on the following language from Plaintiff's Complaint in support of its argument that the Complaint seeks greater than the jurisdictional minimum:

> As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered and will continue to suffer, actual damages in the amount of the policy plus interest, has incurred attorney's fees, costs, and other consequential damages including, but not limited to, unrepaired damage to Subject Property, and other damages. Moreover, Plaintiff is entitled to punitive damages against Defendant.

4

ECF No. 14 at 3 (citing ECF No. 1-1 at ¶¶ 16, 26, 31). First, Defendant contends that because Plaintiff seeks "actual in damages the amount of the policy plus interest" and policy coverage for the insured dwelling is $291,000, the Complaint seeks more than the jurisdictional minimum of $75,000. ECF No. 14 at 2–3. However, Plaintiff does not specify the dollar amount of damages sought under the Policy. The Fourth Circuit has held that the value of a plaintiff's claims should not be assumed to "automatically equate" to the policy limits of the coverage. *Toler v. State Farm Mutual Automobile Ins. Co.*, 25 F. App'x 141, 143 (4th Cir. 2001). Indeed, courts within this Circuit have found when a claim is made on an insurance policy, the amount in controversy is the value of the underlying claim, not the face amount of the policy. *See Moreno v. Universal Prop. &, Cas. Ins. Co.*, No. 3:22-CV-00238, 2022 WL 3337737, at *1 (W.D.N.C. July 25, 2022).

Defendant makes no arguments that the *value* of the underlying claim is greater than the jurisdictional minimum, but rather contends that because the maximum policy coverage is higher than the jurisdictional minimum and Plaintiff seeks damages in the "amount of the policy" the Court should conclude Plaintiff's claim is for damages greater than $75,000. ECF No. 14 at 2–3. However, following precedent in this Circuit, the Court will not assume that Plaintiff's claim for damages "in the amount of the policy," without any further specification, means he seeks damages up to the limits of the Policy rather than an amount due under the Policy that may be less than the limits and jurisdictional minimum. *Toler*, 25 F. App'x at 143; *Moreno*, 2022 WL 3337737, at *1. Accordingly, Defendant has not shown "either to a 'legal certainty' or at least within a 'reasonable probability' that the amount-in-controversy has been satisfied." *Carter*, 2013 WL 3946233, at *1.

5

Second, Defendant contends that Plaintiff's request for treble damages, punitive damages, and attorney's fees establishes the jurisdictional minimum requirement. ECF No. 14 at 24. The Court is equally unpersuaded Plaintiff's claims for treble damages, punitive damages, and attorney's fees, even in conjunction with his claim for coverage under the Policy, show to a "legal certainty" or "reasonable probability'" that the amount-in-controversy has been satisfied. *See Carter*, 2013 WL 3946233, at *1. Again, the Complaint does not state a sum for the damages that Plaintiff is seeking. *See* ECF No. 1-1. Courts in this district have found that punitive damages and treble damages must be considered when calculating the amount in controversy. *Davenport v. State Farm Fire & Cas. Co.*, No. 6:24-CV-04330-JDA, 2024 WL 4453651, *3 (D.S.C. Sept. 9, 2024). Likewise, when attorney's fees are provided for by contract or statute, courts must consider attorney's fees when calculating the amount in controversy.[2] *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) (citation omitted). But whether the potential for damages or fee awards is sufficient to push the case over the jurisdictional minimum depends on the facts of the case. *Davenport*, 2024 WL 4453651, *3.

Courts in this district have repeatedly and consistently held the mere existence of a claim for such damages will not alone establish to a legal certainty or reasonable probability that the amount in controversy exceeds $75,000. *Id.* at *3 (finding mere claims for punitive damages and treble damages in and of themselves were insufficient to conclude the amount in controversy was unambiguously met); *SNB Properties v. CMH Homes, Inc.*, No. 1:22-CV-02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022)

---

[2] Here, Defendant contends, and Plaintiff does not dispute, that S.C. Code § 38-59-40 applies in this case and so the Court must consider attorney's fees. ECF Nos. 1 at 4; 13.

6

(internal quotation marks omitted) (collecting cases on punitive damages); *Cox v. Willhite Seed, Inc.*, 2014 WL 6816990, at *1–2 (D.S.C. Dec. 4, 2014) (remanding where the plaintiff requested "an award of actual and punitive damages, cost and attorney's fees" but stipulated he was seeking less than $75,000 in total damages).  Here, as in other cases where a plaintiff requests an unspecified amount of such damages, "the amount of damages [Plaintiff] will seek in connection with [his] claim for [treble and] punitive damages are . . . too uncertain to conclude that [Plaintiff's] complaint is unambiguous[ly]" seeking damages greater than the jurisdictional minimum.  *SNB Props.*, 2022 WL 17976781, at *3.  Defendant has provided no more than its speculation that such damages will exceed the jurisdictional minimum.  *See* ECF No. 14.  Like its argument pertaining to coverage under the Policy, Defendant cites the statutory caps for punitive damages in support of its argument that "punitive damages alone are enough" if Plaintiff were to receive the maximum recovery under South Carolina law.  *Id.* at 3–4.  Defendant's speculative arguments are insufficient to show to a "legal certainty" or "reasonable probability" that, under the facts of this case, treble damages, punitive damages, or attorney's fees would satisfy the amount-in-controversy.  *Carter*, 2013 WL 3946233, at *1; *Davenport*, 2024 WL 4453651, *3.  Thus, the Court finds Plaintiff's mere request for treble damages, punitive damages, and attorney's fees does not establish the jurisdictional minimum requirement has been met.

Because Defendant has failed to show the Complaint on its face seeks more than the jurisdictional minimum and the Complaint does not specify whether the amount in controversy exceeds $75,000, the Court finds an ambiguity exists.  Thus, the stipulation is properly before the Court such that the Plaintiff may clarify the damages he is seeking.

7

*Carter*, 2013 WL 3946233, at *1–2. Accordingly, the Court accepts Plaintiffs' stipulation as clarification that the amount in controversy does not exceed $75,000. The Court therefore does not possess subject-matter jurisdiction over the claims here and remands the case to state court. Because the Court lacks subject-matter jurisdiction over this action, Defendant's pending Partial Motion to Dismiss is denied without prejudice as moot.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand [13] is **GRANTED**, and Defendant's motion to dismiss [7] is **DENIED AS MOOT**.  This matter is **REMANDED** to the Spartanburg County Court of Common Pleas, Spartanburg, South Carolina.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 24, 2024
Spartanburg, South Carolina

8